Kendall J. Moriarty [UT 16312]
TETER LEGAL, LLC
PO Box 522365
Salt Lake City, Utah 84152
T: 385-212-4096
E: kmoriarty@teterlegal.com
*Attorney for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NOE FABRICIO ESCAMILLA,<br>    *Petitioner*,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, Acting Executive Director of Enforcement and Removal Operations; MICHAEL C BERNACKE, Director of Enforcement and Removal Operations' Salt Lake City Field Office; and PAM BONDI, Attorney General;<br>    *Defendants*. | Case File No.   2:25-cv-00879<br><br>**PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Immigrant No.: A 098-713-396<br><br><br>NO LONGER DETAINED DUE TO UNLAWFUL REMOVAL |

**PETITION FOR A WRIT IN THE NATURE OF MANDAMUS**

Petitioner, Noe Fabricio Escamilla, respectfully brings this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Defendants to

1

return Petitioner to the United States after he was unlawfully removed to El Salvador on September 24, 2025. In support thereof, Petitioner alleges as follows:

## THE PARTIES

1. Petitioner, Noe Fabricio Escamilla, is a citizen and national of El Salvador, Exhibit 2 at 26, who arrived in the United States in 2004 and who had not departed until his unlawful removal on September 24, 2025. Petitioner resided in the state of Utah from 2005 until being detained by Immigration and Customs Enforcement ("ICE") officials on August 27, 2025 when he was transferred and held out of state. Exhibit 1 at 7, ¶ 10. Petitioner's wife and two, U.S. citizen children still reside in Utah. *Id.* at ¶ 5.

2. Defendant Department of Homeland Security ("DHS" or "Department") is an agency of the United States government. DHS is responsible for implementing and enforcing the Immigration and Nationality Act ("INA").

3. Defendant Kristi Noem is the Secretary of the DHS and is sued in her official capacity. Defendant Noem is charged with the administration of the DHS and implementing the INA. 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

4. Defendant Todd M. Lyons is the Acting Director of the DHS's Immigration and Customs Enforcement ("ICE") agency and is sued in his official capacity.

5. Defendant Marcos Charles is the Acting Director of DHS's ICE's Enforcement and Removal Operations ("ERO") and is sued in his official capacity.

6. Defendant Michael C Bernacke is the Director of DHS's ICE's ERO's Salt Lake City Field Office and is sued in his official capacity. Despite Mr. Escamilla being transferred and detained out of state, the Salt Lake City Field Office remained in charge of his ICE detention file. Exhibit 8 at 301.

7. Defendant Pam Bondi is the Attorney General of the United States and is sued in her official capacity.

## JURISDICTION AND VENUE

8. This case arises under the United States Constitution, the INA, 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361 and 2201–2202.

9. There exists an actual and justiciable controversy between Petitioner and Defendants requiring resolution by this Court. Petitioner has no adequate remedy at law.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) in that Petitioner resided in Utah prior to his detention, his detention occurred in the state of Utah, and, until his unlawful removal, the ICE officer in charge of his detention was at the ERO office located in West Valley City, Utah. This demonstrates that "a substantial part of the events or omissions giving rise to the claim occurred." In addition, this is where Petitioner resided prior to his detention and unlawful removal.

## NATURE OF ACTION

11. Petitioner is a citizen of El Salvador, Exhibit 2 at 24, who, on December 8, 2004, arrived at the U.S.-Mexico border where he was detained by U.S. government immigration officials. Exhibit 1 at 7, ¶ 7; Exhibit 2 at 28, ¶¶ 5–6.

12. On December 10, 2004, Petitioner was released from custody and DHS issued a Notice to Appear ("NTA") for him. Exhibit 1 at 7, ¶ 8; Exhibit 2 at 28, ¶¶7–11. The NTA charged Petitioner with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Exhibit 2 at 32. The NTA listed Petitioner's intended address in West Liberty, Iowa. *Id.* It then listed a date and time of hearing for just forty-eight days later on January 27, 2005 in Harlingen, Texas. *Id.* This NTA failed to include a proper signature of the issuing officer and incorrectly designated the Harlingen, Texas Immigration Court as the venue, even though Respondent's intended address at the time was in West Liberty, Iowa. *Id.* In addition, DHS never served a copy of the NTA that contained notice of the hearing on Petitioner. Exhibit 1 at 7, ¶ 9; Exhibit 2 at 29, ¶¶ 12–17. This fact is corroborated by the absence of Petitioner's signature on the certificate of service or any indication that he refused to sign. Exhibit 2 at 33.

13. When Petitioner did not appear for the January 27, 2005 hearing, the Immigration Judge ordered him removed *in absentia*. Exhibit 7 at 299. Petitioner failed to depart, not knowing that such an order existed. Exhibit 1 at 7, ¶ 11; Exhibit 2 at 29, ¶ 17.

14. On August 27, 2025, Petitioner was detained by DHS's ICE's Enforcement and Removal Operations ("ERO") agents in Salt Lake City, Utah on the grounds that he had an unexecuted removal order. Exhibit 1 at 7, ¶ 11. It was only at that moment that Petitioner learned of his *in absentia* removal order. *Id.*

15. On September 1, 2025, Petitioner filed a Motion to Reopen and Rescind his *In Absentia* Removal Order. The Motion was served on the DHS ICE Office of the Principal Legal Advisor ("OPLA") via their online service portal. Exhibit 4 at 279. It was also sent to the ICE ERO office via email. Exhibit 3 at 275.

16. When a person with an *in absentia* removal order files a Motion to Reopen, an automatic stay goes into effect and remains in effect pending disposition of the motion by the immigration judge. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(1)(v). On the cover page of the Motion, Petitioner included the words "Filing this motion triggers an automatic stay of the removal pending disposition by the Immigration Judge. INA § 240(b)(5)(C); 8 CFR § 1003.23(b)(4)(ii)" in a larger font. Exhibit 2 at 11.

17. On September 9, 2025, the DHS ICE OPLA submitted an opposition to Petitioner's motion, demonstrating that they knew it was filed. Exhibit 5 at 281–87.

18. On September 15, 2025, Petitioner filed a reply. Exhibit 6 at 288–97. The reply was mailed to the Immigration Court in Harlingen, Texas and arrived at 10:22 am on September 17, 2025.

19. This Motion remains pending with the Immigration Court. Exhibit 8 at 299.

5

20. On September 24, 2025, at approximately 3:00 a.m. in Robstown, Texas, Petitioner was taken from sleep and told that he was being moved to a different detention facility. Exhibit 1 at 7–8, ¶ 14. He got in a van and was driven for approximately two and a half to three hours. *Id.* at 8, ¶ 14. When they stopped, Petitioner was at an airport. *Id.* He was then placed on a bus to await a plane. *Id.* When Petitioner asked where the plane was going, he was told El Salvador. *Id.* He was not provided the opportunity to speak to his attorney or family. *Id.* Petitioner arrived in El Salvador at approximately 2:00 pm local time that same day. *Id.* He was provided no other information and no documents. *Id.* He was given no explanation for why the DHS was removing him from the United States while an automatic stay remained in place. *Id.*

21. As of September 25, 2025, the DHS ICE locator tool showed that Petitioner remained detained by ICE at the Coastal Bend Detention Center in Robstown, Texas. Exhibit 8 at 301.

22. On September 30, 2025, Petitioner no longer appears in the DHS ICE locator system corroborating that he is no longer in DHS ICE custody despite the automatic stay. Exhibit 9 at 303. This demonstrates that the government concedes he is no longer being detained by the Department.

23. A Court may grant mandamus relief if (1) the Petitioner has a clear right to relief; (2) the Defendant has a clear duty to act; and (3) there is no other adequate remedy available to the Petitioner. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing

*Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). "Once the petitioner has established the prerequisites of mandamus relief, the court may exercise its discretion to grant the writ." *Id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995)). "To secure mandamus relief, the petitioner must show a 'clear and indisputable' right to the writ." *Id.* at 1208 (citing *Johnson*, 917 F.2d at 1285). If a duty is ministerial, as opposed to discretionary, mandamus may be appropriate. *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 566 (10th Cir. 1981).

24. Here, Petitioner meets all three criteria. Petitioner was issued a removal order in absentia after receiving no notice of the hearing. Petitioner diligently filed a Motion to Reopen as soon as he was detained and learned of the order, triggering a statutory and regulatory automatic stay of his removal. 8 U.S.C.§ 1229a(b)(5)(C). This automatic stay is not discretionary and requires no review. "The filing of the motion to reopen . . . shall stay the removal of the [noncitizen] pending disposition of the motion by the immigration judge." *Id.* Petitioner has a clear right to not be removed while the EOIR is adjudicating his motion. The Defendants removed Petitioner in violation of this stay. Petitioner has no other adequate remedy available. Upon his removal, Petitioner is now subject to bars of lawful reentry under 8 U.S.C. §§ 1182(a)(9)(A)(ii) and 1182(a)(9)(B)(i)(II) for a period of ten years.

25. Based on the foregoing, Petitioner is entitled to relief under the APA, which authorizes court to "compel agency action unlawfully withheld or unreasonably delayed."

5 U.S.C. § 706(1).  "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. § 551(13).  Defendants' failure to allow Petitioner to remain in the United States while his Motion to Reopen was adjudicated constitutes agency action unlawfully withheld or unreasonably delayed, entitling Petitioner to relief.

26. Accordingly, Petitioner is entitled to a writ of mandamus and/or order (1) declaring that Defendants continued failure to return Petitioner violates the APA, the INA, agency regulations, and agency policy; and (2) directing Defendants to facilitate and effectuate Petitioner's expeditious return to the United States so he may await the decision on his Motion to Reopen and Rescind his in absentia removal order.

## DEFENDANTS' ACTION IS UNREASONABLE AND UNLAWFUL

27. Petitioner contends that his removal is a direct result of unlawful disregard for a statutory automatic stay that is triggered upon submission of a Motion to Reopen an In Absentia Order.  Petitioner was detained by ICE officials on August 27, 2025.  On September 1, Petitioner filed a Motion to Reopen and Rescind In Absentia Order.  On September 9, the DHS ICE OPLA attorneys opposed the motion to reopen.  On September 15, Petitioner replied to the DHS ICE OPLA's opposition.  On September 24, while the motion remained pending, Petitioner was put in a van under cover of darkness and then placed on a plane and deported against his will and in violation of the automatic stay to El Salvador.

## PETITIONER HAS BEEN HARMED BY DEFENDANTS' ACTION

28. As a result of Defendants' unlawful removal of Petitioner, Petitioner has suffered substantial and particularized injury.

29. First, Petitioner was forcibly removed by the U.S. government.  This terrifying ordeal, without explanation or reason, and without the right to contact his attorney of record or family, caused incredible emotional and psychological distress.

30. Second, once removed, Petitioner's Motion to Reopen and Rescind the Removal Order becomes moot because the removal order was effectuated, rendering it no longer capable of being reopened and rescinded.

31. Third, if Petitioner's case were reopened, he qualifies to seek Cancellation of Removal for Certain Non-Permanent Residents under 8 U.S.C. § 1229b(b)(1) as relief from his relief.  Petitioner has been physically present in the United States for more than ten years,[1] he is a person of good moral character, he has not been convicted of certain

---

[1] The ten years of physical presence is determined based on the ten years right before the initiation of removal proceedings, or put differently, that the clock on a noncitizen's time in the U.S. is stopped upon filing the NTA with the EOIR. 8 U.S.C. § 1229b(b)(1)(A). However, when the NTA is defective, the Supreme Court of the United States has found that the clock does not stop and time after the initiation of removal proceedings counts toward the ten years. *See Pereira v. Session*, 138 S.Ct. 2105, 2114 (2018); *Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1480 (2021).  Petitioner's NTA is defective because it was not signed by an immigration officer and it was not properly served on Petitioner.  Exhibit 2 at 32.  Therefore, the initiation of removal proceedings did not stop the clock and Petitioner is able to count the ten years prior to the filing of his Form 42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents.

disqualifying offenses under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3), or any criminal record of any kind for that matter, and his removal would cause exceptional and extremely unusual hardship to his U.S. citizen children.  8 U.S.C. § 1229b(b)(1); *see Wilkinson v. Garland*, 601 U.S. 209 (2024); *see also* Exhibit 2 at 47–269.  In support of the hardship prong, Petitioner explains briefly here that his youngest child has been diagnosed with non-verbal, level three autism, Exhibit 2 at 205, as well as Neurofibromatosis Type 1, a genetic disorder characterized by the development of multiple benign and occasionally malignant tumors of the nervous system, as well as other tumors, Exhibit 2 at 264–69.  These conditions require constant care, supervision, and treatments.  Removing Petitioner before his Motion could be adjudicated deprived him of the possible opportunity to seek relief from his removal and remain with his family in the United States, as well as his children's right to avoid exceptional and extremely unusual hardship.

32. Fourth, Petitioner has faced extreme anxiety, insecurity, and fear upon being returned to a country that he has not known for twenty-one years.  These harms were exacerbated by the circumstances of his unlawful removal taking place in the dead of night without information or explanation and without the opportunity to speak to his attorney or family.

## PETITIONER IS ENTITLED TO RELIEF

33. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Moreover, a district court reviewing agency action under the APA may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

34. Here, the Defendants' decision and subsequent action to secretively and unlawfully remove Petitioner despite a statutory stay being in place violated the agency's duties to abide by the laws and regulations of the United States. Petitioner has no criminal record. Petitioner has two minor, U.S. citizen children, one of whom has severe developmental and medical problems.

### FIRST CLAIM FOR RELIEF
### 28 U.S.C. § 1361
### Writ of Mandamus to Compel Officers and the Agency
### to Perform a Duty owned to Petitioner

35. The above paragraphs are incorporated herein by reference.

36. The INA and the regulations issued pursuant to it impose on Defendants a non-discretionary duty to stay the removal of a noncitizen when certain conditions are met: he was order removed in absentia, and he has moved to reopen on the basis that he did not receive notice of the original hearing. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. §§ 1003.23(b)(1)(v), 1003.23(b)(4). Defendants disregarded this duty and removed

11

Petitioner without explanation and without an opportunity to speak to his counsel. Defendants must return Petitioner and then properly stay any further removal action while he awaits "disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C).

37. Petitioner has brought this action because Petitioner has no other means to compel Defendants to perform the duties Defendants owe to him. Petitioners have exhausted all available remedies.

38. Based on the foregoing, Petitioner is entitled to a writ of mandamus directing Defendants to expeditiously facilitate and effectuate Petitioner's return to the United States.

**SECOND CLAIM FOR RELIEF**
**5 U.S.C. § 706(1)**
**Administrative Procedures Act, Agency Action Unreasonably**
**Delayed or Unlawfully Withheld**

39. The above paragraphs are incorporated herein by reference.

40. The INA and the regulations issued pursuant to it impose on Defendants a non-discretionary duty to stay the removal of anyone ordered removed in absentia who has filed a Motion to Reopen on the basis that he did not receive notice of the original hearing. 8 U.S.C. § 1229a(b)(5)(C).

41. Here, Defendants have failed to stay Petitioner's removal and executed his removal order to El Salvador on September 24, 2025. This action constitutes agency action "unlawfully withheld" within the meaning of 5 U.S.C. § 706(1).

42. This failure has caused and continues to cause Petitioner harm including separation from Petitioner's family members here in the United States and depriving Petitioner of his right to disposition of his Motion to Reopen and his ability to seek cancellation of removal based on his time in the U.S., his good moral character, his lack of disqualifying criminal record, and the extent to which his U.S. citizen children will suffer without him.

43. This unlawful removal has also triggered bars to his return that would not have been triggered but for his removal from the United States.  *See* 8 U.S.C. §§ 1182(a)(9)(A)(ii) and 1182(a)(9)(B)(i)(II).

44. Petitioner has brought this action because Petitioner has no other means to compel Defendants to act.  Petitioner has exhausted all available remedies.

45. Based on the foregoing, Petitioner is entitled to an order directing Defendants to return Petitioner to the United States and stay any further removal in accordance with the INA.

## REQUESTED RELIEF

WHEREFORE, Petitioner respectfully asks this Court to issue judgment in his favor and against Defendants, and to grant the following relief:

A. Issue a writ of mandamus and a temporary, preliminary, and permanent injunction directing Defendants to effectuate the return of Petitioner to the United States within fourteen (14) days of the issuance of the writ;

B. Issue an order and a temporary, preliminary, and permanent injunction pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1), directing Defendants to effectuate the return of Petitioner to the United States within fourteen (14) days of the issuance of the order;

C. Declare that Defendants' continued violation of the automatic stay constitutes agency action unlawfully withheld;

D. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact returned Petitioner to the United States and Petitioner receives a decision on his Motion to Reopen from the EOIR;

E. Award Petitioner reasonable attorney's fees and expenses for the cost of this action; and

F. Grant any such further relief as this Court deems just and proper.

October 2, 2025

                Respectfully submitted,

                TETER LEGAL LLC

                /s/ *Kendall J. Moriarty*
                Kendall J. Moriarty [UT 16312]
                TETER LEGAL LLC
                PO Box 522365
                Salt Lake City, Utah 84152
                T: 385-212-4096
                E: kmoriarty@teterlegal.com
                *Attorney for Petitioner*

CERTIFICATE OF SERVICE

      I hereby certify and declare under penalty of perjury that, on the 2nd of October 2025, I served a copy of this **PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** and any attached documents with the Clerk of Court for the United States District Court for the District of Utah by using the CM/ECF system.

      I served the following Defendants in this case via the United State Postal Service Priority Mail with certified return receipt at the following addresses:

Secretary Kristi Noem
**Department of Homeland Security**
Office of General Counsel
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0485;

Acting Director Todd Lyons
**Department of Homeland Security**
**Immigration and Customs Enforcement**
Office of General Counsel
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0485;

Acting Executive Director Marcos Charles
**Department of Homeland Security**
**Immigration and Customs Enforcement**
**Enforcement and Removal Operations**
Office of General Counsel
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0485;

Director Michael C. Bernacke
**Department of Homeland Security**
**Immigration and Customs Enforcement**
**Enforcement and Removal Operations**
**Salt Lake City Field Office**

Office of General Counsel
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0485;

Pam Bondi
**Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001; and

Courtesy Copy: Acting U.S. Attorney Felice John Viti
**United States Attorney's Office**
111 S Main Street, Suite 1800
Salt Lake City, Utah 84111-2176.

                                                                                   TETER LEGAL LLC

                                                                 /s/ *Kendall J. Moriarty*
                                                                 Kendall J. Moriarty [UT 16312]
                                                                 Teter Legal LLC
                                                                 PO Box 522365
                                                                 Salt Lake City, Utah 84152
                                                                T: 385-212-4096
                                                                E: kendall@kjmoriartylaw.com
                                                                *Attorney for Petitioner*